IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH FULTON,<br><br>             Plaintiff,<br><br>vs.<br><br>AARON WAITE, R. SAMUEL EHLERS, OCWEN LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,<br><br>             Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12CV201DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Joseph Fulton's Motion for a Temporary Restraining Order. The court scheduled a hearing on the motion for February 24, 2012. However, in preparing for the hearing, the court has concluded that no hearing is necessary. Having reviewed all of the pleadings and other materials submitted in this case, as well as taking judicial notice of Plaintiff's prior action in this court, Case No. 2:11cv455TC, the court renders the following Memorandum Decision and Order.

I. BACKGROUND

On December 4, 2007, Plaintiff entered into a Promissory Note in the amount of $241,500.00 for the purchase of property at 59 East 6150 South, Murray, Utah. The Note was secured by a Deed of Trust. The Deed of Trust lists Taylor Bean & Whitaker as the Lender, Executive Title Insurance as the trustee, and MERS as a nominee for Lender's successors and assigns. The Deed of Trust grants MERS the authority to take actions on behalf of the Lender,

including the right to exercise any or all of the Lender's interests, including, but not limited to , the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and cancelling the security instrument.

On June 10, 2010, MERS recorded an Assignment of Deed of Trust naming Ocwen Loan Services, LLC as the Assignee.  On August 12, 2010, Ocwen recorded a Substitution of Trustee naming R. Samuel Ehlers as Successor Trustee.  On August 12, 2010, Ocwen recorded a Notice of Default on the subject property because Plaintiff was in default on his payments.

On April 14, 2011, Plaintiff filed a quiet title action seeking to prevent the foreclosure. Plaintiff asserted that Ehlers, Ocwen, Taylor Bean & Whitaker, and Executive Title had no interest in the property and asked the court to declare the Deed of Trust to be a nullity and declare him the rightful holder of title in the property.  Defendants filed a motion to dismiss, arguing that Plaintiff could not state a cause of action because MERS had the authority to assign the Deed of Trust to Ocwen and that Ocwen had the authority to name Ehlers as a Successor Trustee.  At a hearing on the motion, on October 6, 2011, this court granted Defendant's motion to dismiss.  In an October 7, 2011 Order memorializing its oral ruling, the court stated that the Complaint does not state a claim against any Defendant and all claims against all parties were dismissed.

 On December 1, 2011, Ocwen substituted Aaron Waite as Successor Trustee.  Waite did not file a new notice of default.  Acting on the prior notice of default, Waite scheduled a new sale date of February 28, 2012, by posting a Notice of Trustee's Sale on the premises on January 28, 2012.

On February 13, 2012, Plaintiff filed the Complaint in the instant case against Waite, Ehlers, Ocwen, MERS, and Taylor Bean & Whitaker in state court.  Plaintiff sought a temporary restraining order to prevent the foreclosure sale.  Defendants removed the action to this court.

Plaintiff re-filed his motion for a temporary restraining order in this court.

Plaintiff's Complaint alleges that MERS did not actually assign the Deed of Trust to Ocwen but that Ocwen assigned the Deed of Trust to itself because the signature was a robo signature and the alleged employee of MERS was actually an officer with Ocwen. Plaitniff claims that the signature of Ocwen employee on the Substitution of Trustee naming Ehlers the Successor Trustee is also an invalid robo signature.

Plaintiff also alleges that Freddie Mac is the beneficiary of the Deed fo Trust because Taylor Bean and Whitaker sold the note and trust deed to Freddie Mac and transferred the note with a blank assignment. Plaintiff claims that with the recorded assignment of the trust deed by MERS, with no nominee to Ocwen, the note and trust deed were bifurcated and the trust deed was invalidated. Plaintiff further argues that Freddie Mac placed the loan into a REMIC Trust and that once placed in the trust, the note is securitized in a mortgage backed security and cannot be removed from the trust. Finally, Plaintiff contends that a broken chain of title cannot be fixed, the Note and Deed of Trust were bifurcated, and the Deed of Trust is invalidated. Accordingly, Plaintiff argues that the Notice of Default by Ehlers is invalid because Ocwen was not the owner of the Deed of Trust at the time of the Notice of Default because MERS could not assign the Deed of Trust to Ocwen because Freddie Mac would have been the holder of the Note at the time of the assignment and it would have bifurcated the Deed of Trust from the Note.

Plaintiff argues that the current holder of the Note is unknown and must be determined prior to the foreclosure. Furthermore, Plaintiff argues that this action must be governed under the UCC instead of Utah Trust Deed law because the Note and Deed of Trust are negotiable instruments.

## II.  DISCUSSION

Plaintiff's Motion for Temporary Restraining Order seeks to prevent the foreclosure sale scheduled for February 28, 2012, arguing that Ocwen has improperly named successor trustees when it has no authority to do so.  Therefore, Plaintiff argues that Defendants have no interest in the property and cannot foreclose the property.   In order to obtain injunctive relief, the moving party must establish:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).  Because a preliminary injunction is an extraordinary remedy, the "right to relief must be clear and unequivocal." *Id.*

In this case, Plaintiff cannot demonstrate a likelihood of success on the merits.  Plaintiff's arguments that Defendants cannot foreclose because they have no interest in the property is barred by res judicata.  The doctrine of "[r]es judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits."  *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001); *Atiya v. Salt Lake County*, 988 F.2d 1013, 1019 n.5 (10th Cir. 1993) ("Claim preclusion bars relitigation of claims that were or 'could or should have been raised in the first action.'").

In Plaintiff's prior action in this court, Judge Campbell already determined that Defendants have a valid interest in the property.  The prior action proceeded to a final judgment on the merits and Plaintiff could have raised all of the issues he raises in this case in the prior action.  Plaintiff raises some of the identical issues that were before Judge Campbell on the

motion to dismiss the prior action. Plaintiff also raises additional factual arguments. However, those factual arguments were available to Plaintiff at that time and could have been raised. The only new facts relevant to the present action is that Ocwen has named a new successor trustee. Based on Judge Campbell's prior ruling, however, Ocwen had the authority to name successor trustees. Accordingly, Plaintiff's present Complaint fails to state a claim upon which relief can be granted. For these reasons, the court denies Plaintiff's motion for a temporary restraining order and, *sua sponte*, dismisses the present action based on res judicata.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Joseph Fulton's motion for a temporary restraining order is DENIED, Plaintiff's Complaint is DISMISSED, and the hearing previously scheduled for February 24, 2012 is VACATED.

DATED this 22d day of February, 2012.

BY THE COURT:

DALE A. KIMBALL
United States District Judge